UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 4:19CR00627 SNLJ/SPM |
| | ) | |
| THOMAS PERRY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION TO DISMISS INDICTMENT**

**COMES NOW** the defendant, Thomas Perry, by and through his attorney Susan McGraugh and pursuant to Federal Rules of Criminal Procedure 12(b)(3)(A)(i) and 12(b)(3)(B)(v) respectfully moves this court to dismiss the indictment against the defendant for lack of jurisdiction or in the alternative to require the government to produce a definitive Bill of Particulars identifying the underlying facts and basis for jurisdiction, or at a minimum convene a hearing on the question of jurisdiction.  Defendant requests an evidentiary hearing on this motion.

**I.  The charge against Mr. Perry should be dismissed because the Government has failed to plead facts establishing that the offense was committed affecting interstate or foreign commerce.**

Mr. Perry is charged by indictment with violating 18 USC 1591. The indictment reads:

*On or about July 20, 2019, within the Eastern District of Missouri, the defendants…did knowingly, in or affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain and maintain by any person, to wit:  "Victim 1"knowing that force, fraud, and coercion would be used to cause the person to engage in a commercial sex act, and knowing that the person had not attained the age of eighteen years and would be caused to engage in a commercial sex act.*

The language of the indictment, as well as the facts of this case, demonstrate that this matter does not fall under federal jurisdiction. The discovery as provided to Defendant reveals

that all transactions constituting the offense were made without the use of the normal methods by which federal courts gain jurisdiction. The present offense was perpetrated without the use of a phone, the internet, the exchange of money, or transportation across state lines.

The charge of trafficking should be dismissed for failure to state a claim under 18 U.S.C. § 1591 ("§ 1591") because the government has failed to plead facts establishing that the alleged trafficking had any affect on interstate or foreign commerce. "The phrase 'affecting commerce' indicates Congress' intent to regulate to the outer limits of its authority under the Commerce Clause." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, (2001). The test for determining whether activity is within Congress' power to regulate under commerce clause is whether it substantially affects interstate commerce. *United States v. Lopez*, 514 U.S. 549 (1995). Where economic activity substantially affects interstate commerce, federal legislation regulating that activity will be sustained. *Id*.

In *United States v. Willoughby*, the Sixth Circuit held that the government presented sufficient evidence of an effect on interstate commerce under § 1591. 742 F.3d 229, 240 (6th Cir. 2014). The effect on interstate commerce was established by (1) the defendant's purchase for the victim of clothes and condoms manufactured out-of-state; (2) the defendant's use of a Chinese-made cell phone in furtherance of sex-trafficking; and (3) Congress' conclusion that in the aggregate, sex-trafficking substantially affects interstate and foreign commerce. *Id*. The court also noted parenthetically that Congress has the power to regulate the instrumentalities of commerce, and a cell phone is such an instrumentality. *Id*. *See United States v. Evans*, 476 F.3d 1176, 1180 (11th Cir. 2007) ("Telephones and cellular telephones are instrumentalities of interstate commerce."); *See also United States v. Todd*, 627 F.3d at 331; *Phea*, 755 F.3d at 263 (holding interstate commerce element was satisfied by evidence of the use of a mobile phone,

internet advertisements, and an out-of-state customer); *See Also United States v. Rivera*, 558 F. App'x 971 (11th Cir. 2014) (defendant participated in the national market of trafficking of children for commercial sex acts by traveling from New York to Florida, using hotels that serviced interstate travelers for prostitution, and using the Internet and cell phones to coordinate prostitution dates). In *United States v. Corely*, the Second Circuit found that defendant's actions affected interstate commerce, as required to support his conviction for sex trafficking of a minor, because evidence established that the defendant used a website to post advertisements featuring minor victims, and that the website processed the advertisement payments in Massachusetts and hosted the advertisements on a server in Arizona. 18 U.S.C.A. § 1591(a). 679 F. App'x 1 (2d Cir. 2017). *See Also United States v. Horne*, 474 F.3d at 1006 (holding interstate commerce element of Hobbs Act was satisfied by defendant's use of an internet auction website).

In the present case, the government's indictment has failed to set forth any evidence linking Mr. Perry's actions to interstate commerce. Neither the indictment nor the discovery has alleged the use of websites, transportation across state lines, the purchase of clothing or condoms, the use of a cellphone, the use of hotels, or communication with out-of-state customers. In both *Willoughby* and *Corely* the courts took into account the multiple factors present in finding that the factors, when taken in their aggregate, had an effect of interstate commerce. Here, not only do the factors in their aggregate not have an effect on interstate commerce, there is a complete absence of factors linking the offense to interstate commerce.

Because the indictment and discovery fail to establish any cognizable connection between Mr. Perry's actions and interstate commerce, the federal government has no jurisdiction over the alleged crime. Allowing the government to exercise jurisdiction over this alleged crime would, in effect, extend the reach of the Commerce Clause far beyond the limits Congress

intended. Permitting this extension of federal power over a glaringly di minimus infraction would usurp the state's right of policing traditionally intrastate crimes. Barring the assertion of proper jurisdiction over Mr. Perry, this case must remain a state case.

### II. Count I of the indictment fails to satisfy Federal Rule of Criminal Procedure 7(c)(1) (Fed. R. Crim. P) because it does not allege facts sufficient to establish federal jurisdiction over Mr. Perry.

Fed. R. Crim. P 7(c)(1) states that an indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. *United States v. Olsen*, 262 F.3d 795, 799 (8th. Cir. 2001). An indictment is sufficient when it contains all of the essential elements of the offense charged, advises the defendant of the elements of the offense, apprises him of the charges, and allows him to plead a conviction or acquittal as an impediment to subsequent prosecutions. *United States v. Hernandez*, 299 F.3d 984, 992 (8th Cir.2002). It is generally sufficient that the indictment sets forth the offense in the words of the statute itself, so long as those words fully, directly, and expressly, without uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. *Hamling v. United States*, 418 U.S. at 117; *United States v. McKnight*, 799 F.2d 443, 445 (8th Cir.1986); *United States v. Opsta*, 659 F.2d 848, 850 (8th Cir.1981).

Here, the indictment omits essential elements pertaining to how the government has jurisdiction over the crime for which Mr. Perry is charged. The indictment, which does nothing more than repeat statutory language, fails to afford Mr. Perry notice of the essential elements of charges against him. Without facts sufficient to resolve the jurisdictional ambiguity present in this case, Mr. Perry is not able to adequately defend himself against this charge. Further, because these charges fail to establish how Mr. Perry's actions relate to interstate commerce, they omit an essential element of the crime charged, and consequently are fatally defective. *See United States*

*v. Mallen*, 843 F.2d 1096, 1102 (8th Cir.)(1988) ("An indictment is fatally insufficient when an essential element 'of substance' is omitted …"). In light of the drafting of the indictment, which excludes essential elements substantiating federal jurisdiction, this Court must dismiss the government's indictment against Mr. Perry.

**WHEREFORE,** for all the foregoing reasons, Defendant moves pursuant to Federal Rules of Criminal Procedure 12(b)(3)(A)(i), 12(b)(3)(B)(v), and 18 for dismissal of the indictment for lack of jurisdiction or to require the government to produce a definitive Bill of Particulars identifying the underlying facts and basis for jurisdiction. Defendant requests that this Court convene a hearing on the question of jurisdiction.

                                      Respectfully submitted,

                                      _____/SM/_____
                                      Susan McGraugh,
                                      Attorney for Defendant
                                      MO Bar No. 37430
                                      Saint Louis University Law Clinic
                                      100 N. Tucker Blvd., St. Louis, MO 63101
                                      (314) 977-2778
                                      susan.mcgraugh@slu.edu

## Certificate of Service

I certify that a true copy of the above and foregoing was efiled on September, 27 2019.

                                                  _____/SM/_____
                                                  Susan McGraugh,
                                                  Attorney for Defendant
                                                  Mo Bar No. 37430
                                                  Saint Louis University Law Clinic
                                                  100 N. Tucker Blvd.
                                                  St. Louis, MO 63101
                                                  (314) 977-2778
                                                  susan.mcgraugh@slu.edu