UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cr-00627 SNLJ-SPM |
| | ) | |
| THOMAS PERRY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT**

COMES NOW, the United States of America, by and through Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Dianna R. Collins, Assistant United States Attorney for said District, and for Government's Response to Defendant's Motion to Dismiss the Indictment states as follows:

To be legally sufficient on its face, an indictment must contain all the essential elements of the offense(s) charged, it must fairly inform the defendant of the charge(s) against which the defendant must defend, and it must allege sufficient information to allow the defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. U.S. Const. Amends. V and VI; Fed. R. Crim. P. 7(c)(1); Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Hance, 501 F.3d 900, 906 (8th Cir. 2007); United States v. Just, 74 F.3d 902, 903–04 (8th Cir. 1996); United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993). An indictment is insufficient only if a substantive, essential element is omitted. United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008). Moreover, "[a]n indictment should not be read in a hyper technical fashion and should be

'deemed sufficient unless no reasonable construction can be said to charge the offense.' " United States v. O'Hagan, 139 F.3d 641 (8th Cir. 1998). However, "[i]f an essential element of the charge has been omitted from the indictment, the omission is not cured by the bare citation of the charging statute." United States v. Zangger, 848 F.2d 923, 925 (8th Cir. 1998). With these principals in mind, Perry's Motion to Dismiss the Indictment should be denied.

When a defendant challenges an indictment on a motion to dismiss, the court must accept the government's allegations in the indictment as true. United States v. Birbragher, 603 F.3d 478, 481 (8th Cir. 2010). See also United States v. Farm & Home Sav. Ass'n, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991)(providing that, in considering a motion to dismiss an indictment, "we accept the government's allegations as true, without reference to allegations outside the indicting document."). Therefore, this court is limited to a review of the Indictment, case law and the arguments of the parties in making this determination.

The defendant has been charged with one offense. Title 18, United States Code, Section 1591(a)(1) provides in pertinent part:

Whoever knowingly (a) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person that has not attained the age of 18 years and will be caused to engaged in a commercial sex act, shall be punished.

The elements of this offense are: (1) the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited a person less than eighteen years old; (2) the defendant knew that the child was less than 18 years old, or acted in

reckless disregard of the child's age; (3) and the activity affected interstate commerce.

The Indictment in this case includes sufficient descriptions of the alleged illegal activity, which provide sufficient notice of the charge and meets all of the elements of 18 United States Code, Section 1591(a)(1). The Indictment is a plain, concise and definite statement of the essential facts constituting the charged offense, alleges all the essential elements of the offense charged and complies in all respects with Rule 7(c) Federal Rule of Criminal Procedure. Further, the indictment closely tracks the language of the underlying statute, and therefore, is legally sufficient on its face. United States v. Hayes, 574 F.3d 460 (8th Cir. 2009).

Finally, construing the defendant's claim liberally, he argues that the Indictment fails to state an essential element because he challenges the sufficiency of the government's evidence. Sufficiency of the government's evidence is not a basis for a motion to dismiss. "A pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." *See*, *e.g.*, United States v. DeLaurentis, 230 F.3d 659, 660 (3rd Cir. 2000) (holding that Fed. R. Crim. P. 12(b)(2) authorizes dismissal of an indictment on the grounds that its allegations are not sufficient to charge an offense but not on the grounds that the evidence is not sufficient to prove the charges). "Where an indictment quotes the language of the statute and includes the date, place and nature of the illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." United States v. Doe, 572 F.3d 1162 (10th Cir. 2009) (quoting United States v. Redcorn, 328 F.3d 727 (10th Cir. 2008). In quoting the Third Circuit in DeLaurentis, the Eighth Circuit opined,

> In civil cases, of course, the summary judgment procedures contemplated by Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact; but there is no corollary in criminal cases. The government is entitled to marshal and present

3

its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29.... [W]e simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be.

United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001) (quoting DeLaurentis, 230 F.3d at 661).

Indictments generally do not have to specify evidence or details of how the offense was committed. United States v. Raniere, 384 F. Supp. 3d 282, 298 (E.D.N.Y. 2019). This case does not present one of the "very rare cases" in which "specification of how a particular element of a criminal charge will be met (as opposed to categorical recitation of the element) is of such importance to the fairness of the proceeding that it must be spelled out in the indictment." United States v. Stringer, 730 F.3d 120 (2nd Cir. 2013) (citing Hamling, 418 U.S. at 118).

The Perry Indictment speaks for itself; it tracks the statutory language, identifies the federal law underlying the charge, alleges each of the essential elements, and specifies the approximate time period of the offense. If the government fails to prove at trial the essential elements of the offense, then he may be entitled to an acquittal; however, it is not grounds to dismiss the Indictment.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*s/ Dianna R. Collins*
DIANNA R. COLLINS, 59641
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

<u>s/ Dianna R. Collins</u>
DIANNA R. COLLINS, 59641