UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19CR627SNLJ(SPM) |
| | ) |
| TERRELL ANDRE HARROLD and | ) |
| THOMAS LAMAR PERRY | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the undersigned United States Magistrate Judge for all pretrial matters pursuant to 28 U.S.C. §636(b). Defendants Terrell Harrold and Thomas Perry are charged in a superseding indictment with sex trafficking of a minor in violation of 18 U.S.C. §1591(a)(1), (b)(2), and (c) (Count 1) and conspiracy to commit sex trafficking of a minor (Count 2). *See* Doc. 54 (Redacted Superseding Indictment). Defendants have moved to dismiss the indictment pursuant to Fed. R. Crim. P. 12(b)(2)[1] and 12(b)(3)(B)(v) on grounds that there is no federal jurisdiction. Specifically, defendants contend their alleged conduct was not sufficiently "in or affecting interstate commerce" to trigger federal jurisdiction. *See* Doc. 49. For the reasons set out below, I recommend that defendants' respective motions to dismiss be denied without prejudice to defendants re-raising the interstate commerce issue at trial.

---

[1] In his written submission to the Court, Defendant Perry erroneously cited Fed. R. Crim. P. 12(b)(3)(A)(i), which allows a pretrial motion to challenge improper venue. Because Perry's written and oral arguments made clear that he was challenging the prosecution of this case on jurisdictional grounds, the undersigned construes Perry's motion as one brought pursuant to Fed. R. Crim. P. 12(b)(2).

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 22, 2019, defendants were charged in a criminal complaint with sex trafficking of a minor, in violation of 18 U.S.C. §1591(a) (Doc. 1). On August 8, 2019, a federal grand jury returned an indictment charging defendants with the same offense charged in the complaint, and all pretrial matters were referred to the undersigned (Doc. 29). Defendants were arraigned on August 16, 2019 and requested additional time to file pretrial motions. The undersigned found that, in the interest of justice, the request should be granted and extended the deadline for filing motions. On September 27, 2019, counsel for Defendant Perry filed a motion to dismiss the indictment and, in the alternative for a Bill Of (Doc. 41). On October 30, 2019, and in compliance with this Court's orders, counsel for Defendant Harrold filed a motion to dismiss the indictment and a motion for a Bill Of (Docs. 48 & 49). With leave of Court, on November 5, 2019, Defendant Perry filed a separate motion for a Bill of Particulars as to the charges asserted against him (Doc. 50).

On November 14, 2019, a federal grand jury returned a superseding indictment charging both defendants with sex trafficking of a minor in violation of 18 U.S.C. §1591(a)(1), (b)(2), and (c) (Count 1) and conspiracy to commit sex trafficking of a minor in violation of 18 U.S.C. §1591(a)(1) and (c) (Count 2). (Doc. 54). Defendants were arraigned on the superseding indictment on December 6, 2019. At the arraignment, counsel for each defendant acknowledged on the record that the superseding indictment addressed the issues raised in the previously-filed motions for a Bill Of. As such, defense counsel indicated that they would withdraw those motions and would not reassert or adopt them in light of the superseding indictment. *See* Doc. 65. However, counsel for both defendants stated that the superseding indictment did not address the jurisdictional challenge previously raised in their respective motions to dismiss the indictment. As such, defense counsel adopted and reasserted the previously-filed

motions to dismiss the indictment and indicated that no further pretrial motions would be forthcoming. Defendant's requested oral argument on their pending pretrial motions.

On December 19, 2019, the undersigned held a pretrial motion hearing on defendants' pending motions to dismiss the indictment. At the hearing, defense counsel stated that the United States had provided a summary of the case as part of its disclosures and, without objection from the United States, summarized the relevant facts of the case as follows:

> The government alleged that our client and his brother propositioned an underage girl at a liquor store. The girl then got into the men's vehicle where both men had sex with her. After driving around, the vehicle then stopped at a restaurant. The two brothers then offered the girl to employees of a nearby store. The employees declined the offer and contacted police. The brothers then left and drove the girl home.

Counsel for both defendants argued that, even if the foregoing facts and the facts in the superseding indictment are accepted as true, they fail to establish a sufficient connection to interstate commerce to give rise to federal jurisdiction. The United States disputed this argument. At the hearing, all counsel proffered evidence and information not contained in the indictment; however, the parties did not offer any documentary or testimonial evidence. After hearing oral arguments from all parties, the matter was taken under submission.

There are no other pretrial motions pending before the undersigned. After carefully considering the written submissions of the parties as well as the oral arguments made at the hearing, the undersigned makes the following report and recommendation.

## DISCUSSION

### I.  THIS COURT HAS SUBJECT MATTER JURISDICTION TO ADJUDICATE THIS CASE UNDER 18 U.S.C. §3231

Invoking Fed. R. Crim. P. 12(b)(2), defendants move to dismiss asserting lack of *federal jurisdiction*. The question of this Court's subject matter jurisdiction is conclusively answered by 18

U.S.C. §3231, which states in clear and unequivocal terms "The district courts of the United States have original jurisdiction . . . of all offenses against the laws of the United States." Here, the Grand Jury returned an indictment against defendants based on alleged violations of 18 U.S.C. 1591, a federal criminal statute. As other courts have noted,

> [i]f the indictment alleges an offense under U.S. criminal statutes, the courts of the United States have jurisdiction to adjudicate the claim. If the facts fail to show a violation, the court enters judgment for the defendant. It does not dismiss the case for lack of jurisdiction, leaving the case unadjudicated.

*See United States v. Prado,* 923 F.3d 121, 134 (2d Cir. 2019) (internal citations omitted).

Based on the defendants' written submissions and arguments at the hearing, I do not construe their motion to argue that this court generally lacks subject matter jurisdiction over the charged offenses. Instead, defendants appear to contend this court lacks jurisdiction, first, because the indictment does not sufficiently describe an offense against the laws of the United States. Defendants also appear to raise an as-applied jurisdictional challenge to ***Congress***' power to legislate the activity charged as a violation of section 1591(a)(1) in this case. *See Prado,* 923 F.3d at 133 (discussing the difference between judicial jurisdiction and legislative or prescriptive jurisdiction); *see also United States v. Reasoner,* 418 F.3d 466, 469 (5th Cir. 2005) (holding "an element can be jurisdictional in nature without affecting the jurisdiction of the court to adjudicate the case" and concluding that Congress included the interstate commerce nexus as an element in the federal forgery statute to "ensure that it was acting within its legislative power and not as a limit on the judicial power of the courts to hear cases under the statute"). The undersigned will address each of these arguments in turn.

    **II.**    **THE INDICTMENT SUFFICIENTLY ALLEGES A FEDERAL OFFENSE**

Under Rule 12(b)(3)(B)(v), a defendant may seek to dismiss an indictment for failure to state an offense; and, defendant must make this facial challenge before trial. Fed. R. Crim. P. 12(b)(3)(B)(v). The requirements for the contents of an indictment are set forth in Fed. R. Crim. P. 7. Pursuant to Fed.

4

R. Crim. P. Rule 7(c), an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." To be legally sufficient on its face and otherwise comport with the requirements of the Sixth Amendment, an indictment must fairly inform the defendant of the crime with which he is being charged in sufficient detail so that he may prepare a defense and invoke the double jeopardy clause in any future prosecutions based on the same conduct. Fed. R. Crim. P. 7(c); *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir 1988), cert. denied, 488 U.S. 849 (1988); *United States v. Bowie*, 618 F.3d 802, 817 (8th Cir. 2010); *United States v. Huggans*, 650 F. 3d 1210, 1217 (8th Cir. 2011). The test "is not whether [the indictment] could not have been made more definite and certain." *United States v. Tebeau,* 713 F.3d 955, 962 (8th Cir. 2013). Instead, "[a]n indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense . . .." *Huggans*, 650 F.3d at 1218 (quoting *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009)).

Generally, an indictment which sets forth the words of the statute itself is sufficient, if those words fairly inform the defendant of the elements necessary to constitute the offense charged. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2007); *United States v. McKnight*, 799 F.2d 443, 445 (8th Cir. 1986); *United States v. Powell*, 701 F.2d 70, 73 (8th Cir. 1983). In reviewing the sufficiency of an indictment, the government's allegations are accepted as true, without reference to allegations outside the indicting document. *United States v. Farm & Home Savings Association*, 932 F.2d 1256, 1259, n.3 (8th Cir. 1991).

In this case, the indictment, on its face, sufficiently describes the alleged illegal activity— namely, sex trafficking of a minor. Indeed, the allegations in Counts 1 and 2 track the statutory language, contain the requisite elements, and provide defendants protection against double jeopardy. Although case-specific facts are sparse, the indictment sufficiently sets forth the underlying transactions

5

which form the basis of the charge of sex trafficking of a minor in violation of 18 U.S.C. §1591(a)(1) and conspiracy to commit sex trafficking of a minor. Notwithstanding defendants' suggestions to the contrary, at least on its face, the indictment alleges a connection to interstate commerce. As required by section 1591(a)(1), Count 1 asserts that defendants committed the regulated activity "in and affecting interstate and foreign commerce." Count 2 also asserts that the defendants "did recruit, entice, harbor, transport, provide, obtain, advertise and maintain "Victim 1" in a manner that affected interstate and foreign commerce." In ruling on defendants' facial challenge, this Court must accept these allegations as true, without reference to allegations outside the indicting document. *Farm & Home Savings Association*, 932 F.2d at 1259, n.3.

As such, defendants' motion to dismiss the indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v) should be denied because the indictment complies with the requirements of Rule 7(c) and the Constitution.

### III.     DEFENDANTS' JURISDICTIONAL CHALLENGE MUST BE DEFERRED UNTIL TRIAL

Motions to dismiss are governed by Rule 12 of the Federal Rules of Criminal Procedure. In general, "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Eighth Circuit has held that although Rule 12 "contemplates that district courts may sometimes make factual findings when ruling on pretrial motions, …[c]ourts may not, however, make factual findings when an issue is 'inevitably bound up with evidence about the alleged offense itself.'" *United States v. Turner*, 842 F.3d 602, 604-05 (8th Cir. 2016) (quoting *United States v. Grimmett*, 150 F.3d 958, 962 (8th Cir. 1998)). The Eighth Circuit has instructed that the district court should defer deciding on a pretrial motion "if disposing of the pretrial motion requires making factual determinations that fall within the province of the ultimate finder of fact." *Id.*

6

In this case, defendants are charged in two counts with sex trafficking of a minor in violation 18 U.S.C. §1591(a)(1) (Count 1),[2] and with conspiring to violate 18 U.S.C. §1591(a)(1), in violation of 18 U.S.C. §1594(c) (Count 2).[3] As the United States acknowledged in its brief, the elements of the charged offense, sex trafficking of minors, are that (1) the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited a person less than eighteen years old; (2) the defendant knew that the minor was less than 18 years old, or acted in reckless disregard of the child's age; and (3) the activity affected interstate commerce. The last element of the charged offense—whether the activity affected interstate commerce—is at the heart of defendants' jurisdictional challenge.

Defendants posit that because they never left St. Louis County, never used any telephones, hotels, computers, exchanged money, etc., the exertion of federal jurisdiction over this case would extend the limits of commerce clause jurisdiction beyond what Congress intended. The cases cited in Defendant Perry's written submission certainly suggest that although purely *intrastate* sex trafficking can be prosecuted under section 1591, courts seem reluctant to find that the interstate commerce element is satisfied based exclusively on evidence that a defendant engaged in *intrastate* sex trafficking. *See*

---

[2] Section 1591(a)(1) provides in relevant part:

(a) Whoever knowingly—

    (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person …

    Knowing, …that the person has not attained the age of 18 years, and will be caused to engaged in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. 1591(a)(1).

[3] Section 1594(c) provides: "Whoever conspires with another to violate section 1591 shall be fined under this title, imprisoned for any term of years, or for life, or both."

7

Doc. 41, p. 2-4. In reading the cases relied on by defendants, it is apparent that courts that have considered the issue have required more.

Specifically, the cases defendants rely on suggest that courts have found the interstate commerce requirement was met only where additional evidence such as the crossing of state lines (by people, products, or other instruments used in connection with the trafficking), the use of the internet, the use of hotels or other public places, and other similar factors have been present. *See, e.g.*, *United States v. Corley*, 679 F. App'x. 1, 6 (2d Cir. 2017) (evidence that defendant used the website, Backpage.com to post advertisements featuring minor victims and stipulation that Backpage processed the advertisement payments in Massachusetts and hosted advertisements on a server in Arizona was sufficient to satisfy the interstate commerce requirement of section 1591); *United States v. Rivera*, 558 App'x 971, 975 (11th Cir. 2014) (evidence that defendant engaged in conduct regulated by Congress—i.e., participated in national market for trafficking of children for commercial sex act—coupled with other evidence that defendant traveled from New York to Florida, used hotels that service interstate travelers for some of the prostitution dates, and used the internet and cell phones to coordinate dates constituted sufficient evidence to establish the interstate commerce element of the charged offense); *United States v. Willoughby,* 742 F.3d 229, 240 (6th Cir. 2014) (evidence that defendant purchased condoms and clothes manufactured out of state specifically for victim to use while prostituting; evidence that defendant used a Chinese-made cellphone in furtherance of his sex-trafficking activities together with Congressional findings regarding the impact of trafficking on interstate commerce satisfied the interstate commerce requirement of section 1591); *United States v. Todd,* 627 F.3d 329, 333 (9th Cir. 2010) (Congressional findings coupled with evidence that sex traffic in the case was conducted by advertising across state lines satisfied the interstate commerce requirement); *United States v. Evans*, 476 F.3d 1176, 1180 (11th Cir. 2007) (Congressional findings regarding the impact of sex trafficking on interstate and foreign commerce combined with evidence that defendant used hotels that served interstate travelers and distributed condoms

that traveled in interstate commerce sufficiently satisfied the interstate commerce element of section 1591(a)). As the Second Circuit has put it, to satisfy the interstate commerce element required under section 1591(a)(1), "the Government need offer sufficient evidence from which to infer only that [defendant's] actions affected interstate commerce." *Corley,* 679 F. App'x. at 6.

The United States countered that the illegal conduct at issue which Congress sought to regulate—sex trafficking of minors—is activity that, by its nature, affects interstate commerce. However, the United States did not cite, and the undersigned has been unable to find, any case in which a court held that evidence of intrastate sex trafficking, in the absence of the other factors discussed above, was enough to satisfy the interstate commerce requirement in section 1591. The United States also argued the fact that defendants carried out their activity in a Yukon that was made outside of the state of Missouri; used alcohol (the purchase of which effects interstate commerce); and solicited employees of a Metro PCS store are sufficient to establish the connection between defendants' intrastate sex trafficking activities and interstate commerce, particularly when these facts are considered together with the legislative intent of the law.

Defendants disagreed that the additional facts referenced by the government are sufficient to trigger federal commerce clause jurisdiction. Defendants argued there was no evidence defendants crossed state lines in the Yukon, which was manufactured over twenty years ago. Defendants also disputed that the United States could tie defendants' solicitation of Metro PCS employees to interstate commerce because, as defense counsel argued at the hearing, the employees were merely "two men outside a closed business." Finally, defendants disputed that the United States could connect the victim's intoxication to the purchase of alcohol because, according to defense counsel, it is not clear from the evidence at which point the victim consumed alcohol.

This back-and-forth between the parties made clear that, in order to resolve the jurisdictional issue raised by the defense, the undersigned would need to make factual determinations that fall within

9

the province of the ultimate finder of fact. As set out above, making pretrial factual findings that go to the merits of the government's case is prohibited by both the Eighth Circuit and the Federal Rules of Criminal Procedure. *See Turner*, 842 F.3d at 604-05. Notwithstanding this prohibition, at the hearing, defense counsel urged the Court to address the jurisdictional question as a "threshold" issue. Defense counsel argued that they and their clients would be at a significant disadvantage if the jurisdictional issue were not resolved in advance of trial as it would be difficult for them to properly advise their clients regarding plea negotiations and otherwise prepare a defense for trial. Although the undersigned is not unsympathetic to defendant's position, as set out below, there are broader concerns this Court must consider.

The Ninth Circuit Court of Appeals confronted a similar issue in *United States v. Nukida,* 8 F.3d 665, 670 (9th Cir. 1993). The defendant in *Nukida* was charged with sixteen counts of tampering with consumer products affecting interstate commerce in violation of 18 U.S.C. §1365(a). *Id.* at 665. Nukida filed a Rule 12(b) motion to dismiss arguing that her acts did not affect interstate commerce and the charges in the indictment failed to state an offense. *Id.* at 668. After hearing argument and considering declarations filed by the parties, the district court granted the motion as to five of the counts and denied the motion as to the remaining counts. *Id.* The government appealed, and the Ninth Circuit reversed holding that the district court "exceeded its authority under Rule 12(b) when it considered [defendant's] challenge to the sufficiency of the government's evidence concerning the …relationship to interstate commerce" because the determination of whether defendant's actions resulted in sufficient effects on interstate commerce was essentially a factual determination intermeshed with questions going to the merits the case. *Id.* at 672.

The court in *Nukida* reasoned that when a question of federal jurisdiction is intermeshed with questions going to the merits, the issue should be determined at trial or pursuant to a motion for

10

judgment of acquittal under Fed. R. Crim. P. 29, presented at the close of the government's case-in-chief. *Id.* at 670-72. Adopting the Eleventh Circuit's reasoning in *United States v. Ayarza–Garcia,* 819 F.2d 1043 (11th Cir. 1987), the *Nukida* court acknowledged that "[r]eliance on Rule 29 instead of a pretrial motion to dismiss may be less efficient, because Rule 12 serves to help conserve judicial resources by facilitating the disposition of cases without trial." *Nukida,* 8 F.3d at 670. However, as the *Nukida* court further reasoned, "[t]he unavailability of Rule 12 in determination of general issues of guilt or innocence . . . helps ensure that the respective provinces of the judge and jury are respected and that the facts are fully developed before disposition of the case." *Id.* (internal citations omitted). The *Nukida* court concluded that where Rule 12 is unavailable to a defendant, Rule 29 still serves as "an important safeguard to the defendant" in that it "tests the sufficiency of the evidence against him and avoids the risk that a jury may capriciously find him guilty though there is no legally sufficient evidence of his guilt." *Id.*

The Ninth Circuit's reasoning in *Nukida* applies with equal force in this case and is consistent with Eighth Circuit case law. Here, as in *Nukida*, Rule 12 is not available to defendants as a vehicle for challenging jurisdiction because the resolution of defendants' jurisdictional challenge would require this Court to make factual determinations that fall within the province of the ultimate finder of fact. *See Turner,* 842 F.3d at 604-05 ("[c]ourts may not, however, make factual findings when an issue is 'inevitably bound up with evidence about the alleged offense itself.'"). While the Court understands defendants' predicament, the unavailability of Rule 12 in this instance "helps ensure that the respective provinces of the judge and jury are respected and that the facts are fully developed before disposition of the case." *Nukida,* 8 F.3d at 670.

For all the foregoing reasons, defendants' Rule 12 motion to dismiss on jurisdictional grounds should be denied without prejudice to defendants re-raising the challenge in a motion for judgment of

acquittal at the close of the government's case-in-chief.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendants Harrold and Perry's motions to dismiss the indictment (Docs. 41 & 49) be **DENIED,** without prejudice to defendants re-asserting their jurisdictional challenge at trial after the close of the United States' case-in-chief.

The parties are advised that they have **fourteen (14)** days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

Trial in this case has been set before the **Honorable Stephen N. Limbaugh, Jr.** on **April 1, 2020, at 11:20 a.m.**

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: February 4, 2020.