# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: **4:19-CR-00627 SNLJ-SPM** |
| | ) | |
| | **)** | |
| **THOMAS LAMAR PERRY**, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION TO PERMIT CROSS-EXAMINATION INTO VICTIM'S PRIOR ALLEGED COMMERCIAL SEX ACTS

COMES NOW, Defendant Thomas Perry, by and through his counsel Susan McGraugh, pursuant to Rule 412 of the Federal Rules of Evidence ("FRE") and hereby moves this Court to permit defense counsel leeway in the cross-examination of Victim K.W. ("K.W.") about the circumstances surrounding the alleged solicitation of K.W. to Metro PCS employees ("employees") as well as additional instances of participation in commercial sex acts as the information is highly relevant and extremely probative to rebut the Government's charge of sex trafficking of a minor and conspiracy to commit sex trafficking of a minor pursuant to 18 U.S.C. § 1591(a)(1), (b)(2) and (c). As grounds therefore Movant states as follows:

1. Co-Defendants Terrell Harrold and Thomas Perry have been charged with violating 18 U.S.C. § 1591(a)(1) which states that "whoever knowingly…recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits

1

by any means a person…*to cause* the person to engage in a commercial sex act…shall be punished." 18 U.S.C. § 1591(a)(1) (emphasis added).

2. FRE Rule 412(b) provides that evidence of a victim's alleged sexual behavior or sexual predisposition is not admissible in criminal cases unless subject to the exclusions found in Fed. R. Evid. 412. One exception to the general bar occurs when exclusion of the proffered evidence would violate the defendant's constitutional rights, FRE 412(b)(1)(C). *Id*.

3. In the Advisory Committee Notes related to Rule 412(b)(1)(C), the committee states that "[t]he United States Supreme Court has recognized that in various circumstances a defendant may have a right to introduce evidence otherwise precluded by an evidence rule under the Confrontation Clause." Fed. R. Evid. 412.

4. "The Constitution guarantees every criminal defendant a fair trial." *United States v. Bordeaux*, 400 F.3d 548, 558 (8th Cir. 2005). "A constituent element of this guarantee is a defendant's right, grounded in the Fifth and Sixth amendments, to introduce evidence in his own defense." *Id*. However, "[t]he right is not without limitation; it may sometimes have to bow to accommodate other legitimate interests in the criminal process." *Id*. But, restrictions on a criminal defendant's right to present evidence "may not be arbitrary or disproportionate to the purposes they are designed to serve." *U.S. v. Elbert*, 561 F.3d 771, 776 (8th Cir. 2009).

5. In *U.S. v. Roy,* the 8th Circuit affirmed a district court ruling excluding evidence of a victim's past commercial sex acts. 781 F.3d 416, 421 (2015). In *Roy*, the defendant

2

was charged with human trafficking of a minor by use of fraud, force, or coercion under 18 U.S.C. § 1591(a)(1). *Id*. at 418. At trial, the defendant attempted to offer evidence of the victim's prior commercial sex acts to negate the force element of trafficking charge. *Id*. at 419. The district court excluded the evidence stating that the evidence of past prostitution had little impeachment value because it did not contradict the victim's testimony about the defendant. *U.S. v. Roy,* 781 F.3d 416, 421 (8th Cir. 2015). The court noted that the issue was "not recruiting an individual to engage in commercial sex for the first time, but doing an act with the use of force, threats, fraud, or coercion to cause the victim to engage in commercial sex." *Id.* at 420. Unlike *Roy*, here, the fact that K.W. performed prior commercial sex acts is highly relevant to the issue of whether Mr. Perry "knowingly recruited, enticed, harbored, transported, provided or obtained a minor" to cause her to engage in commercial sex acts because it directly contradicts the government's allegation that Mr. Perry and Mr. Harrold knowingly trafficked the victim. This evidence is essential in allowing Mr. Perry to negate the element of "knowingly recruited, enticed, harbored, transported, provided or obtained a minor" to cause her to engage in commercial sex acts because it shows that K.W. has ample experience in offering herself for the purpose of engaging in commercial sex act, thus negating the element of recruiting. Denial of the ability to cross examine K.W. about her history of involvement with commercial sex acts would rob the defendant of his Constitutionally granted right to due process, the right to confront witnesses against him, and the right to present an adequate defense.

6.      Here, implicit in the charges the Government has levied against Mr. Perry is the notion that *but for* Mr. Perry and Mr. Harrold, acting as the agents in the alleged solicitation of K.W. to engage in commercial sex acts, K.W. would not have interacted with the employees.

7.      Therefore, permitting defense counsel to cross-examine K.W. about her participation in commercial sex acts is extremely relevant to show that she would have offered herself to the employees with or without the presence and/or assistance of Mr. Perry and Mr. Harrold.

8.      Allowing defense counsel the ability to cross examine K.W. about the events leading up to and surrounding the alleged offering of her to the employees is highly relevant because it tends to solidify the proposition that K.W. has the knowledge and motivation to commit commercial acts whether or not the Mr. Perry and Mr. Harrold were present or not. Not allowing inquiry into the events surrounding the event in question would be a denial of Mr. Perry's Fifth and Sixth Amendment rights to due process, the right to confront witnesses against him, and the right to present an adequate defense.

9.      Pursuant to FRE 412(c)(2), "[b]efore admitting evidence under this rule, the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard." Fed. R. Evid. 412.

WHEREFORE, Counsel respectfully requests this Court conduct an in camera hearing to determine the admissibility of the circumstances surrounding the alleged solicitation of K.W. to

employees, as well as additional instances of participation in commercial sex acts and for any other relief this Court deems just and proper.

Respectfully submitted,

*/sm/*
Susan McGraugh, #37430
Saint Louis University Legal Clinic
100 N. Tucker Blvd.
St. Louis, MO 63101
(314) 977-2778

## CERTIFICATE OF SERVICE

I certify that, on April 15, 2020, a copy of this document was electronically filed with the Clerk of Court, and served on the counsel of record and all interested parties, by the CM-ECF system.

/sm/

Susan McGraugh